# McDermott
# Will & Emery

Boston Brussels Chicago Dusseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joel E. Cohen
Attorney at Law
jcohen@mwe.com
212.547.5666

July 22, 2008

**VIA FAX**

The Honorable Judge Richard J. Holwell
U.S. District Judge
U.S. District Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08

Re: Walker *et al.* v. Old Homestead *et al.*
Index No. 08-Civ-6117

Dear Judge Holwell:

This firm represents Defendants the Original Old Homestead d/b/a Old Homestead (the "Restaurant"), Gregory Sherry, Marc Sherry and Luis Acosta (collectively, "Defendants") in the above-referenced action. On July 21, 2008, we received notice that this case had been re-assigned to Your Honor from Judge Swain. Accordingly, per Your Honor's Individual Rules, Defendants request a pre-motion conference to file a Rule 12(b)(6) motion to dismiss Plaintiffs' Wayne Walker, Sayed Khalil and Brian LaHoff's (collectively, "Plaintiffs") Complaint.

By way of background, Plaintiffs initially filed Charge No. 2-CA-38090 with the National Labor Relations Board (the "NLRB") asserting that they were being discriminated and retaliated against based on their union and protected concerted activity – namely their current claims under the Fair Labor Standards Act ("FLSA"). They also filed parallel grievances with their Union in 2007 alleging that they had been retaliated against by the management of Defendant Old Homestead Restaurant based, *inter alia*, upon their filing the Complaint and participating in Khalil *et al.* v. Original Old Homestead *et al.*, Index No. 07-Civ-0495 (RJH)("*Old Homestead I*"). The NLRB stayed a decision pending the outcome of the arbitration. In the Fall of 2007, Plaintiffs, through their Union, and the Restaurant participated in an arbitration where they were able to examine witnesses, present exhibits and submit post-hearing briefs. On May 19, 2008, the arbitrator issued a thorough decision that, *inter alia*, denied Plaintiffs' retaliation grievances. In the interim, in early May 2008, Plaintiffs accepted an Offer of Judgment from Defendants in the amount of $36,000 to end *Old Homestead I*. Given the foregoing, the instant Complaint must be dismissed based on *res judicata* and collateral estoppel.

U.S. practice conducted through McDermott Will & Emery LLP
340 Madison Avenue New York New York 10173-1922 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

The Honorable Judge Richard J. Holwell
July 22, 2008
Page 2

To establish *res judicata*, the Court assesses whether there was a prior adjudication on the merits, the same parties were involved in the prior action and the same claims were or could have been asserted in the prior action. Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001). "The 'same cause of action' requirement does not mean that both suits must involve precisely the same claims; rather . . . res judicata prevents litigants from pursuing 'all grounds of recovery previously available . . . .'" Brantley v. New Haven Firefighters, No 03-Civ-1904, 2004 U.S Dist. LEXIS 21120, at *11 (D. Conn. Oct. 15, 2004). Thus, Plaintiffs cannot sever their claims into multiple lawsuits regarding the same "nucleus of operative facts." Id. at *12.

Plaintiffs and Defendant Restaurant fully participated in a two-day arbitration before a mutually-chosen arbitrator concerning the same retaliation conduct they allege in this lawsuit. For example, one of the Union's questions for the Arbitrator to resolve was "Did the Employer treat Grievants in a disparate manner after the breakup of the tip pool?" (*i.e.*, after the Complaint in *Old Homestead I* was filed on January 30, 2007). As further evidence that the same claims were adjudicated, the arbitrator framed Plaintiffs' position as follows: "[A]fter the breakup of the pool, in November of 2006, there was a decline in the number of tables to which the Grievants were assigned, as well as changes in the times that the tables were assigned, and the types of clients who were seated in those tables." Further, in addressing Plaintiffs' allegations, the decision states: "[Plaintiff Lahoff] spent the early part of the evening just waiting for a table," and "[Plaintiff Walker] was receiving either tourist types or parties with children who are more generally believed to be less generous tippers." These claims are exactly the same as paragraphs 14 and 15 of the instant Complaint.[1]

Significantly, Plaintiffs *chose* to arbitrate those claims through their Union, rather than take them to Court, so they cannot now be heard to complain about the outcome of that arbitration. *Neither the Union nor the Restaurant required them to pursue arbitration of these claims.* Thus, Plaintiffs should not be able to vindicate their federal rights when they could have done so from the beginning and chose not to. For example, in Giles et al. v. City of N.Y., No. 96-Civ-2655, 1998 U.S. Dist. LEXIS 5345, at *21-22 (S.D.N.Y. Apr. 13, 1998), plaintiffs filed wage and hour claims under the FLSA, despite the fact that an arbitrator had previously calculated their applicable wages in a separate adjudication. The Court took Barrentine v. Ark.-Best Freigh Sys., 450 U.S. 728 (1981), into consideration but ultimately dismissed their FLSA claims because "[t]here is no dissonance between the arbitrator's decision and the minimum protections provided by the FLSA." Similarly, as the arbitrator's retaliation findings are purely factual, and involved no heavy-lifting with respect to any novel issue of law, the arbitrator's finding provided the "minimum protections provided by the FLSA," making dismissal necessary in this case.

---

[1] For reference, Paragraph 14 of the Complaint states: "Old Homestead has consistently assigned the plaintiffs traditionally less-desirable customers, such as customers from European countries where tipping is not customary [and] customers with young children." Paragraph 15 states: "plaintiffs now begin receiving their first customers as late as 9:00 p.m. or later."

The Honorable Judge Richard J. Holwell
July 22, 2008
Page 3

In addition, collateral estoppel bars Plaintiffs' attempts to receive a "second bite at the apple" because the identical issue was raised at arbitration, the issue was decided, that issue was decisive of the instant action, the parties had a full and fair opportunity to litigate the issue and the resolution of the issue was necessary to support a judgment on the merits. Dundon et al. v. Komansky et al., No. 00-9375, 2001 U.S. App. LEXIS 17682, at * 4 (2d Cir. Aug. 3, 2001)(affirming district court's application of collateral estoppel to identical issues that were previously litigated in an arbitration). Indeed, Plaintiffs' arbitration provided them with a full and fair opportunity to litigate their retaliation claims before an experienced arbitrator, and the resolution of the retaliation issue in that arbitration is the very issue that this Court would have to adjudicate here. Accordingly, collateral estoppel also bars Plaintiffs' retaliation claims.

Moreover, at the arbitration, Plaintiffs testified that it was their belief that the Restaurant knew of Plaintiffs' intention to file *Old Homestead I* prior to Plaintiffs actually filing the complaint in that case. Thus, Plaintiffs could have asserted their retaliation theories at the commencement of *Old Homestead I* because Plaintiffs testified that the Restaurant's management had knowledge of their intention to engage in protected activity even before they filed the complaint, giving them the ability to make any potential retaliation claims at the commencement of their lawsuit or seek leave to amend the complaint thereafter.[2] Brantley, 2004 U.S. Dist. LEXIS 21120, at *14-15 (dismissing Section 1981 claim under *res judicata* because plaintiff could have asserted claim in a "convenient trial unit" with a prior Section 1983 action arising from the same set of events).

Plaintiffs' bad faith in bringing this lawsuit is obvious. They consciously decided to separate their prior FLSA claims and their retaliation claims into two separate matters, pursuing the former before this Court and the latter in arbitration. They accepted a nuisance value Offer of Judgment in *Old Homestead I*, and then immediately filed the instant Complaint concerning related claims that they voluntarily pursued and lost in arbitration, demonstrating that they consciously decided not to pursue these claims in the prior federal action when they clearly could have. This sort of gamesmanship should not be tolerated by the Court. Thus, Defendants respectfully request that this Court schedule a pre-motion conference regarding Defendants' intent to file a motion to dismiss in lieu of answer with respect to this action.

*The proposed motion will be reviewed at the conference scheduled for 9/12/08 at 10:30 a.m.*

Respectfully submitted,

Joel E. Cohen

cc: Louis Pechman, Esq. (*via fax*)

**SO ORDERED**

/s/ Holwell USDJ
8/4/08

---
[2] Indeed, in the Title VII context, courts relax the administrative requirement of having to file an EEOC Charge regarding any retaliation claim that occurs following a claim of discrimination because retaliation claims are "closely related" to any initial claim of discrimination. Billue v. Praxair, Inc., No. 05-Civ-00170, 2007 U.S. Dist. LEXIS 30744, at *17 (D. Conn. Apr. 26, 2007). By analogy, Plaintiffs' "closely related" retaliation claims that occurred during *Old Homestead I* should have been added to the complaint in that action.