UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
: 
WAYNE WALKER, SAYED KHALIL and BRIAN :    08 Civ. 6117 (RJH)
LAHOFF,
: 
              Plaintiffs, :

      -against- :

THE ORIGINAL HOMESTEAD RESTAURANT, :
INC. d/b/a OLD HOMESTEAD, GREGORY
SHERRY, MARC SHERRY, and LUIS ACOSTA, :

              Defendants. :
------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................. ii
PRELIMINARY STATEMENT ........................................................................................ 1
STATEMENT OF FACTS ................................................................................................ 2
ARGUMENT ..................................................................................................................... 4
I.     THE STANDARD APPLICABLE TO A RULE 12 MOTION TO DISMISS ................. 4
II.    RES JUDICATA BARS PLAINTIFFS' RETALIATION CLAIMS ............................... 4
      A.     Plaintiffs Could Have Raised Their Retaliation Claims In *Old Homestead I* ........ 6
      B.     The CBA Did Not Require Plaintiffs to Arbitrate Their Retaliation Claims ......... 8
      C.     Plaintiffs Have Already Obtained a Judgment On The Merits For Their
           Retaliation Claims .................................................................................................. 9
III.   PLAINTIFFS' RETALIATION CLAIMS WERE VOLUNTARILY
      ARBITRATED, SO COLLATERAL ESTOPPEL BARS THEM
      FROM BEING RE-LITIGATED ............................................................................... 11
CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

| CASES | PAGE(S) |
|---|---|

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007)..................4

Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974) ..................9, 11

Augustin v. The Yale Club, No. 03 Civ. 1924 (KMK), 2006 U.S. Dist. LEXIS
  67462 (S.D.N.Y. Sept. 15, 2006), aff'd, No. 06 5078 cv, 2008 U.S. App.
  LEXIS 8775 (2d Cir. Apr. 23, 2008) ..................9

Bancol y Cia. En C. v. Bancolombia S.A., No. 07 1242 cv, 2008 U.S. App.
  LEXIS 11712 (2d Cir. June 2, 2008) ..................9

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007)..................4

Benjamin v. Traffic Exec. Ass'n E. R.R., 869 F.2d 107 (2d Cir. 1989) ..................11

Billue v. Praxair, Inc., No. 05 Civ. 00170 (JCH), 2007 U.S. Dist. LEXIS 30744
  (D. Conn. Apr. 26, 2007)..................6

Brantley v. New Haven Firefighters, No. 03 Civ. 1904 (CFD), 2004 U.S. Dist.
  LEXIS 21120 (D. Conn. Oct. 15, 2004) ..................5, 6

Cameron v. Church, 253 F. Supp. 2d 611 (S.D.N.Y. 2003)..................5, 6

Clarke v. UFI, Inc., 98 F. Supp. 2d 320 (E.D.N.Y. 2000)..................11, 12

Collins v. New York City Trans. Auth., 305 F.3d 113 (2d Cir. 2002) ..................8

Dundon v. Komansky, No. 00-9375, 2001 U.S. App. LEXIS 17682 (2d Cir. Aug.
  3, 2001) ..................11

Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86 (2d Cir. 1997)..................5, 7

Jackson v. City Univ. of N.Y., 05 Civ. 8712 (JSR), 2006 U.S. Dist. LEXIS 43338
  (S.D.N.Y. June 26, 2006)..................13

Jasmin v. New York State Dep't of Labor, No. 04 Civ 10237 (LTS)(AJP), 2007
  U.S. Dist. LEXIS 43898 (S.D.N.Y. Jun. 15, 2007) ..................9

Jordan v. Metro. Life Ins. Co., No. 03 Civ. 4110 (SAS), 2004 U.S. Dist. LEXIS
  15151 (S.D.N.Y. Aug. 3, 2004) ..................8, 10

Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126 (S.D.N.Y. 2002) ...................... 13

Marshall v. Grant, 521 F. Supp. 2d 240 (E.D.N.Y. 2007) ............................................ 3, 4, 5

Pike v. Freeman, 266 F.3d 78 (2d Cir. 2001) ................................................................. 5

Porush v. Lemire, 6 F. Supp. 2d 178 (E.D.N.Y. 1998) ................................................ 8, 13

Salerno v. Leica Inc., 139 F. Supp. 2d 377 (W.D.N.Y. 2001) ..................................... 5, 6, 7

Siegel v. Daiwa Sec. Co., 842 F. Supp. 1537 (S.D.N.Y. 1994) ..................................... 8, 10

Waldman v. Village of Kiryas Joel, 207 F.3d 105 (2d Cir. 2000) ...................................... 6

**RULE**         **PAGE(S)**

FED. R. CIV. P. 12 ................................................................................................. 1, 4

# PRELIMINARY STATEMENT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Federal Rules"), defendants the Original Homestead Restaurant, Inc. d/b/a Old Homestead Restaurant ("Old Homestead" or the "Restaurant"), Gregory Sherry, Marc Sherry and Luis Acosta (collectively, "Defendants"), by and through their attorneys, McDermott Will & Emery LLP, hereby move to dismiss the Complaint ("*Old Homestead II*") filed on July 3, 2008 by plaintiffs Wayne Walker, Sayed Khalil and Brian LaHoff (collectively, "Plaintiffs").[1] More specifically, all of the Plaintiffs were parties to a prior lawsuit, Khalil v. Original Homestead Restaurant, Inc., Index No. 07 Civ. 0495(RJH) ("*Old Homestead I*"), a case that arose from the same nucleus of facts and involved the same exact Defendants, and that lawsuit was pending at the same time as the retaliation allegations that form the basis of *Old Homestead II*. Thus, Plaintiffs could have brought the retaliation claims at the outset of *Old Homestead I* or, at the very least, sought leave to amend their complaint to include the retaliation claims in that case and chose not to do so. Accordingly, their current retaliation claims are barred under the doctrine of *res judicata* because these claims arose from the same nucleus of facts as *Old Homestead I* and involved the same parties.

Tellingly, Plaintiffs first *voluntarily* chose to grieve the current retaliation claims to their Union, Local 100 UNITE HERE! (the "Union"), even though the collective bargaining agreement between the Union and Old Homestead (the "CBA") does *not* mandate that parties submit their disputes to the grievance/arbitration procedure. Because Plaintiffs voluntarily elected to use the grievance/arbitration procedure, Plaintiffs, through their Union, had the full

---

[1] Throughout this Memorandum of Law, Defendants also refer to the Affidavit of Joel E. Cohen, Esq., sworn to October 13, 2008 ("Cohen Aff."), and the exhibits attached thereto, in support of Defendants' Motion to Dismiss, as well as Plaintiffs' Complaint filed on July 3, 2008 ("Compl.").

and fair opportunity to present witnesses, cross-examine the Restaurant's management and submit exhibits and post-hearing briefs in support of the same retaliation claims that they now raise in *Old Homestead II*. In May 2008, Arbitrator Rosemary Townley ("Arbitrator Townley") issued a 38-page decision evaluating the evidence and testimony presented at the two-day arbitration and ultimately denied Plaintiffs' grievances because she found that the Restaurant had not retaliated against Plaintiffs due to their raising Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims (as well as other retaliatory motives they alleged in the arbitration). Put simply, because Plaintiffs are also collaterally estopped from the arbitration decision from asserting their retaliation claims against Defendants, *Old Homestead II* must be dismissed.

## STATEMENT OF FACTS

On or about January 30, 2007, Plaintiffs filed a charge with the National Labor Relations Board ("NLRB") alleging that their employer, Old Homestead, retaliated against them because its management learned that Plaintiffs were planning to file *Old Homestead I*, a class action and collective action concerning garden-variety claims under the FLSA and NYLL. (Cohen Aff. ¶2, Ex. A). *On the same day*, Plaintiffs filed *Old Homestead I*. (Id. at ¶3). Thus, obviously Plaintiffs already knew of their retaliation claims against Old Homestead at the inception of *Old Homestead I*, but chose not to include those claims in the complaint. (Id.).

In addition to the NLRB charge and *Old Homestead I*, Plaintiffs *also* filed grievances with their Union in or about March 2007, alleging that they had been retaliated against by the management of Old Homestead based upon their intent to file and their actual filing of *Old Homestead I*. (Id. at ¶4, Ex. B). Thereafter, the Union agreed to arbitrate Plaintiffs' grievances before Arbitrator Townley, an experienced arbitrator in the New York City restaurant industry. (Id. at ¶5). Upon learning of Plaintiffs' grievances to the Union, on April 25, 2007, the NLRB

suspended its own investigation into Plaintiffs' retaliation claims pending the outcome of the arbitration, which concerned the same retaliation claims as the NLRB charge. (Id. at ¶6, Ex. C).

On September 6 and October 16, 2007, the Union arbitrated Plaintiffs' grievances against Old Homestead.[2] (Id. at ¶7, Ex. D; Compl. ¶22). Plaintiffs' counsel in *Old Homestead I*, Jamie Duguay, Esq. of Berke-Weiss & Pechman LLP, attended the entire arbitration, participated in all conversations between Plaintiffs and the Union's counsel, actively took notes and involved herself in all of the sidebars with Arbitrator Townley. (Cohen Aff. ¶8, Ex. D at p.2). Old Homestead and Plaintiffs, through their Union, were able to introduce and cross-examine witnesses, present exhibits and submit post-hearing briefs in support of their positions. (Cohen Aff. ¶¶8-9, Ex. D). While the parties awaited Arbitrator Townley's decision, Plaintiffs simultaneously proceeded with discovery in *Old Homestead I* regarding their minimum wage, overtime and tip claims against the Restaurant. (Cohen Aff. ¶10). With approximately seven weeks left before the close of discovery in *Old Homestead I*, on May 8, 2008, Plaintiffs (plus five other waiters who joined the collective action, one of whom was also a named plaintiff in *Old Homestead I*) accepted Defendants' total offer of $36,000 as a Rule 68 offer of judgment. (Cohen Aff. ¶13; Compl. ¶21). Shortly thereafter, on May 19, 2008, Arbitrator Townley issued a 38-page decision that provided extensive and detailed findings of fact that, *inter alia*, denied Plaintiffs' grievances concerning the Restaurant's alleged retaliation against them. (Cohen Aff. ¶¶14, 16, Ex. D).

---

[2] Plaintiffs clearly referenced the arbitration decision in paragraph 22 of the instant Complaint, so it is appropriate for Defendants to rely upon the arbitration decision in making the instant motion and for the Court to consider it in deciding Defendants' motion to dismiss. See Marshall v. Grant, 521 F. Supp. 2d 240, 243 (E.D.N.Y. 2007).

On July 3, 2008, Plaintiffs filed *Old Homestead II*, alleging the very retaliation claims that were rejected by Arbitrator Townley and, as previously detailed, were clearly known at the inception of *Old Homestead I*. (Cohen Aff. ¶15). Because Plaintiffs have had several chances to prove their retaliation claims against Old Homestead, including a complete arbitration that they voluntarily pursued and that was not required by contract, they should not now be allowed to pursue *Old Homestead II* in a vexatious and wasteful attempt to harass Defendants.

## ARGUMENT

### I. THE STANDARD APPLICABLE TO A RULE 12 MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules permits a party to move to dismiss a claim based on the complaining party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]o survive a motion to dismiss . . . a plaintiff must allege '. . . enough facts to state a claim to relief that is plausible on its face.'" Marshall, 521 F. Supp. 2d at 243 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). In assessing a motion to dismiss, the Court "'must accept [] the factual allegations in the Complaint as true and draw [] reasonable inferences in the [pleading party's] favor.'" Marshall, 521 F. Supp. 2d at 243 (quoting ATSI Commcn's, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)). "In deciding a 12(b)(6) motion, a court may consider documents referenced in the complaint." Marshall, 521 F. Supp. 2d at 243. For the reasons set forth below, Plaintiffs' Complaint must be dismissed because the claims are barred by the doctrines of *res judicata* and collateral estoppel.

### II. RES JUDICATA BARS PLAINTIFFS' RETALIATION CLAIMS

In a motion to dismiss under Rule 12(b)(6), the moving party may assert *res judicata* as a basis for the Court to find that the Complaint fails to state a claim upon which relief can be granted. "Res judicata bars a party from asserting claims that are (1) duplicative of the claims between the parties that were previously decided on the merits, or (2) claims that arise out of the

same facts as claims between the same parties that were previously decided on the merits." Marshall, 521 F. Supp. 2d at 245. To establish *res judicata*, the Court assesses whether there was a prior adjudication on the merits, whether the same parties were involved in the prior action and whether the same claims were or *could have been asserted* in the prior action. Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001); Cameron v. Church, 253 F. Supp. 2d 611, 619 (S.D.N.Y. 2003).

"The 'same cause of action' requirement does not mean that both suits must involve precisely the same claims; rather . . . res judicata prevents litigants from pursuing 'all grounds of recovery previously available.'" Brantley v. New Haven Firefighters, No. 03 Civ. 1904 (CFD), 2004 U.S. Dist. LEXIS 21120, at *11 (D. Conn. Oct. 15, 2004). Thus, Plaintiffs cannot sever their claims into multiple lawsuits regarding the same "nucleus of operative fact[s]." Id. at *12. To determine whether two actions spring from the same "transaction" or "claim," the court must assess whether the "underlying facts are 'related in time, space, origin, or motivation, . . . and whether their treatment as a unit conforms to the parties' expectations.'" See Cameron, 253 F. Supp. 2d at 619-20 (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997)); see also Salerno v. Leica Inc., 139 F. Supp. 2d 377, 383 (W.D.N.Y. 2001).

Here, *Old Homestead II* must be dismissed because: (a) Plaintiffs failed to raise these retaliation claims in *Old Homestead I*, even though all of the evidence clearly demonstrates that Plaintiffs knew about these allegations prior to the inception of *Old Homestead I*; (b) the CBA did not require Plaintiffs to arbitrate their retaliation claims and they elected to do so anyway; and (c) the Arbitrator issued a well-reasoned decision concerning Plaintiffs' retaliation claims against Defendants, so the same claims need not be adjudicated again between the same parties.

A.     Plaintiffs Could Have Raised Their Retaliation Claims In *Old Homestead I.*

At the arbitration, Plaintiffs testified about their collective observation that the Restaurant knew of Plaintiffs' intention to file *Old Homestead I* prior to Plaintiffs actually filing the complaint in that case. (Cohen Aff. ¶9, Ex. D. at pp. 22-23). Thus, Plaintiffs could have asserted their retaliation theories at the commencement of *Old Homestead I*. At the very least, Plaintiffs could have sought leave to amend the complaint and *consciously chose not to*, so they should not now be permitted to proceed with the instant lawsuit. See Brantley, 2004 U.S. Dist. LEXIS 21120, at *14-15 (dismissing Section 1981 claim under *res judicata* because plaintiff could have asserted claim in a "convenient trial unit" with a prior Section 1983 action arising from the same set of events); Cameron, 253 F. Supp. 2d at 622 (dismissing Section 1983 claim known by plaintiff before filing of first lawsuit but not asserted until second lawsuit); Salerno, 139 F. Supp. 2d at 383-84, 387 (applying *res judicata* because claims formed a "logical and convenient trial unit" and plaintiff "could have incorporated the claim . . . into the First Federal Action."). Indeed, *res judicata* is appropriately applied when "'the facts *essential to the second* [lawsuit] were [already] present in the first.'" Cameron, 253 F. Supp. 2d at 620 (quoting Waldman v. Village of Kiryas Joel, 207 F.3d 105, 110-11 (2d Cir. 2000)(emphasis in original)).

Indeed, in the Title VII context, courts relax the administrative requirement of having to file an EEOC Charge regarding any retaliation claim that occurs following a claim of discrimination because retaliation claims are "closely related" to initial claims of discrimination. Billue v. Praxair, Inc., No. 05 Civ. 00170 (JCH), 2007 U.S. Dist. LEXIS 30744, at *17 (D. Conn. Apr. 26, 2007). By analogy, Plaintiffs' "closely related" retaliation claims that occurred during or prior to *Old Homestead I* should have been added to the complaint in that action if Plaintiffs intended to pursue those claims in a federal lawsuit.

Moreover, "[a] first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first." Salerno, 139 F. Supp. 2d at 383-84 (quoting Interoceanica Corp., 107 F.3d at 91). There can be no doubt that *Old Homestead I* and *Old Homestead II* will require the same evidence to support Plaintiffs' claims. During discovery in *Old Homestead I*, Defendants produced daily tip reports and table receipts for each waiter at the restaurant for the last several years. (Cohen Aff. ¶11). The tip reports demonstrated that waiters worked in teams at the restaurant. (Id.). In addition, the tip reports showed the amount of table sales that each waiter generated on a given night and the tips earned by each waiter-team. (Id.). To prove the retaliation claims in *Old Homestead II*, Plaintiffs will likely seek discovery of documents that evidence Plaintiffs' tip income as compared to other waiters to show whether or not Plaintiffs experienced disparate treatment as a result of their protected activity. Accordingly, the same discovery will be involved in *Old Homestead II* as was involved in *Old Homestead I*.

Also, during a deposition in *Old Homestead I*, Plaintiffs inquired of Defendant Luis Acosta, General Manager of the Restaurant, about the following responsibilities, among others: scheduling waiters for their shifts, creating the Restaurant's floor plan, assigning the waiters to the various stations on the floor and whether certain stations were more favorable than others. (Cohen Aff. ¶12). Thus, Plaintiffs clearly would be eliciting the same type of evidence in *Old Homestead II* by requesting the production of tip reports, floor plans and station assignments to prove that they were treated differently than other waiters based on their participation in *Old Homestead I*. Accordingly, because (i) Plaintiffs knew of their retaliation claims even prior to filing *Old Homestead I*, (ii) as a matter of law the retaliation claims are "closely related" to the

underlying claim of an unlawful employment practice and (iii) *Old Homestead II* will require duplicative discovery from *Old Homestead I*, Plaintiffs' claims must be dismissed under *res judicata*.

B. The CBA Did Not Require Plaintiffs to Arbitrate Their Retaliation Claims.

Plaintiffs' claims should also be barred under *res judicata* because Plaintiffs voluntarily chose to pursue their retaliation claims in an arbitral forum. Significantly, *neither the Union nor the Restaurant required Plaintiffs to pursue arbitration of these claims*. (Cohen Aff. ¶5). Rather, Plaintiffs *chose* to arbitrate the retaliation claims through their Union, so they cannot now be heard to complain about the outcome of that arbitration. See Jordan v. Metro. Life Ins. Co., No. 03 Civ. 4110 (SAS), 2004 U.S. Dist. LEXIS 15151, at *20, 23 (S.D.N.Y. Aug. 3, 2004)(applying *res judicata* to previously-arbitrated retaliation claim because *plaintiff chose* to arbitrate the claim); Siegel v. Daiwa Sec. Co., 842 F. Supp. 1537, 1541 (S.D.N.Y. 1994)(applying *res judicata* to previously-arbitrated claim in context of plaintiff who voluntarily initiated arbitration and was not "required to arbitrate against his will."); see also Porush v. Lemire, 6 F. Supp. 2d 178, 182 (E.D.N.Y. 1998)("Contrary to plaintiff's impression, arbitration is not a trial run in which an arbitral respondent may sit silently by, take note of the evidence presented . . . and then, if the result turns out unfavorably, seek judicial relief.").

Here, Arbitrator Townley's retaliation findings were purely factual and involved no heavy-lifting with respect to any novel issue of law. (Cohen Aff. ¶16, Ex. D). Courts have traditionally given substantial weight to and/or adopted arbitrators' factual findings concerning retaliation issues, so the nature of Plaintiffs' claims were not improperly before the arbitrator. Collins v. New York City Trans. Auth., 305 F.3d 113, 119-20 (2d Cir. 2002)(affirming summary judgment to employer where, prior to Title VII action, arbitrator issued a reasoned 14-page opinion finding substantial evidence that there was no retaliation after conducting arbitration

over three days); Augustin v. The Yale Club, No. 03 Civ. 1924 (KMK), 2006 U.S. Dist. LEXIS 67462, at *77-78 (S.D.N.Y. Sept. 15, 2006), aff'd, No. 06 5078 cv, 2008 U.S. App. LEXIS 8775 (2d Cir. Apr. 23, 2008)(granting summary judgment to employer where arbitrator had issued opinion summarizing evidence and denying grievance concerning retaliation); Jasmin v. New York State Dep't of Labor, No. 04 Civ 10237 (LTS)(AJP), 2007 U.S. Dist. LEXIS 43898, at *22 (S.D.N.Y. Jun. 15, 2007)(same). Indeed, even the Supreme Court of the United States has held that courts have discretion to accord arbitration decisions any weight they deem appropriate in subsequent federal actions, particularly those (such as retaliation) that are based solely on issues of fact. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 60, n.21 (1974). Thus, Arbitrator Townley's findings dismissing Plaintiffs' retaliation claims were properly arbitrated in a situation where Plaintiffs voluntarily elected to use a non-mandatory arbitration procedure, and Plaintiffs' *Old Homestead II* claims should be dismissed under *res judicata*.

    C.    Plaintiffs Have Already Obtained a Judgment On The Merits For Their Retaliation Claims.

Taking into consideration the scope and subject matter of the prior arbitration between Plaintiffs and Defendants, there can be no doubt that Plaintiffs' retaliation claims are barred under *res judicata*. More specifically, Plaintiffs and Old Homestead fully and fairly litigated a two day arbitration before a mutually-chosen arbitrator concerning the same retaliation conduct that they allege in *Old Homestead II*. (Cohen Aff. ¶¶8, 9, Ex. D at p.2). Moreover, those claims were adjudicated in a 38-page decision issued by Arbitrator Townley on May 19, 2008. (Cohen Aff. ¶14, Ex. D). Finally, as detailed below, Plaintiffs raised the exact same retaliation theories before Arbitrator Townley. (Cohen Aff. ¶15). Accordingly, as Plaintiffs' retaliation claims were previously adjudicated, *Old Homestead II* must be dismissed under *res judicata*. See Bancol y Cia. En C. v. Bancolombia S.A., No. 07 1242 cv, 2008 U.S. App. LEXIS 11712, at *3 (2d Cir.

June 2, 2008)(affirming district court's application of *res judicata* to preclude claims previously litigated in arbitration involving same parties); Jordan, 2004 U.S. Dist. LEXIS 15151, at *20, 23; Siegel, 842 F. Supp. at 1541.

Here, Plaintiffs and the Restaurant fully participated in a two-day arbitration before a mutually-chosen arbitrator concerning the same retaliation conduct they allege in this lawsuit. (Cohen Aff. ¶¶8, 9, Ex D at p.2). For example, the Union framed its question for Arbitrator Townley to resolve as follows: "Did the Employer treat Grievants in a disparate manner after the breakup of the tip pool?" (Cohen Aff., Ex. D at p.6). Clearly then, *Old Homestead II* alleges the same exact theory of retaliation that was already adjudicated at the arbitration. As further evidence that the same claims were previously adjudicated by Arbitrator Townley, Arbitrator Townley framed Plaintiffs' position as follows: "[A]fter the breakup of the pool, in November of 2006, there was a decline in the number of tables to which the Grievants were assigned, as well as changes in the times that the tables were assigned, and the types of clients who were seated in those tables." (Cohen Aff., Ex. D at p.23). Also, in addressing Plaintiffs' allegations, the decision described the allegations as follows: "[Plaintiff Lahoff] spent the early part of the evening just waiting for a table," and "[Plaintiff Walker] was receiving either tourist types or parties with children who are more generally believed to be less generous tippers." (Id.).

These claims are exactly the same as paragraphs 14 and 15 of the instant Complaint.[3] Arbitrator Townley issued a 38-page decision synthesizing all of the testimony of most of the waiters and management at the Restaurant to make her factual findings that the Restaurant did

---

[3] For reference, Paragraph 14 of the Complaint states: "Old Homestead has consistently assigned the plaintiffs traditionally less-desirable customers, such as customers from European countries where tipping is not customary [and] customers with young children." (Compl. ¶14). Paragraph 15 states: "plaintiffs now begin receiving their first customers as late as 9:00 p.m. or later." (Id. at ¶15).

not retaliate against Plaintiffs based on these specific allegations. (Cohen Aff. ¶14). "[W]here an arbitral determination gives full consideration to an employee's . . . rights, a court may properly accord it great weight. This is especially true where the issue is *solely one of fact*, specifically addressed by the parties and decided by the arbitrator on the basis of an adequate record." Clarke v. UFI, Inc., 98 F. Supp. 2d 320, 330 (E.D.N.Y. 2000)(dismissing plaintiff's claim for sexual harassment on motion to dismiss because claim was previously arbitrated and court chose to greatly weigh decision)(quoting Gardner-Denver Co., 415 U.S. at 60, n.21)(emphasis added). Thus, the Court has discretion to accord the arbitration decision in this case the weight it deems appropriate. Based on all of the foregoing facts, the Court should dismiss *Old Homestead II, specifically because Plaintiffs could have raised the retaliation claims in Old Homestead I*.[4]

### III. PLAINTIFFS' RETALIATION CLAIMS WERE VOLUNTARILY ARBITRATED, SO COLLATERAL ESTOPPEL BARS THEM FROM BEING RE-LITIGATED

In addition, collateral estoppel bars Plaintiffs' attempts to receive "second bites at the apple" because the identical issues were raised at arbitration, the issues were decided by Arbitrator Townley, the issues were decisive of *Old Homestead II*, the parties had a full and fair opportunity to litigate the issues and the resolution of the issues were necessary to support a judgment on the merits. Dundon v. Komansky, No. 00-9375, 2001 U.S. App. LEXIS 17682, at * 4 (2d Cir. Aug. 3, 2001)(affirming district court's application of collateral estoppel to identical issues that were previously litigated in an arbitration); Benjamin v. Traffic Exec. Ass'n E. R.R.,

---

[4] Giving *res judicata* and/or collateral estoppel effect to Arbitrator Townley's decision is especially appropriate here where Plaintiffs deliberately waited until the resolution of *Old Homestead I* and the arbitration before bringing *Old Homestead II*. This Court should not allow Plaintiffs to pursue related claims in three separate *seriatim* litigations.

869 F.2d 107, 113 (2d Cir. 1989)(affirming application of collateral estoppel to claim for severance that was previously arbitrated because nature of issue was within arbitrator's purview and arbitrator issued well-reasoned opinion); Clarke, 98 F. Supp. 2d at 330 (applying collateral estoppel to previously-arbitrated sexual harassment claim because issues were purely factual in nature).

In Clarke, the Court applied collateral estoppel to the plaintiff's previously-arbitrated Title VII claims. The Court articulated the factors that it relied upon in finding that the prior arbitration demonstrated "adequacy" and "fairness": "[h]earings were held over the course of five days, and testimony was taken from 10 witnesses, including both plaintiffs and the individual defendant. That testimony was given under oath, and was subject to cross-examination . . . . All parties were represented by counsel. Objections were permitted and ruled on, and post-hearing briefs were submitted by both sides." Clarke, 98 F. Supp. 2d at 336. In this case, there is no doubt that Plaintiffs' arbitration provided them with a full and fair opportunity to litigate their retaliation claims before an experienced arbitrator. The parties mutually agreed-upon Arbitrator Townley, the parties presented and cross-examined many witnesses, including current waiters and management at Old Homestead, the parties were able to lodge objections to exhibits, and the parties submitted extensive post-arbitration briefs on the retaliation issues. (Cohen Aff. ¶¶8, 9, Ex. D at p.2).

In fact, the Union never even moved to vacate the arbitration decision, recognizing that there were no grounds to overturn the well-reasoned and detailed opinion of Arbitrator Townley. (Id. at ¶17). Given the undeniable procedural fairness and adequacy of the arbitration proceedings that Plaintiffs voluntarily initiated in 2007, there can be no doubt that their dissatisfaction with Arbitrator Townley's decision has prompted them to file this vexatious and

wasteful lawsuit, which is inappropriate and a waste of the Court's and Defendants' resources. Indeed, "[i]f parties to arbitration could play the game that [Plaintiffs] and [their] attorneys played here, arbitration would lose its vitality as an alternative to litigation." Porush, 6 F. Supp. 2d at 182. Accordingly, the Court should apply collateral estoppel to Plaintiffs' retaliation claims and dismiss *Old Homestead II* in its entirety.[5]

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion to dismiss Plaintiffs' Complaint with prejudice.

Dated: October 13, 2008
      New York, New York

By:    MCDERMOTT WILL & EMERY LLP

_____
Joel E. Cohen, Esq.
340 Madison Avenue
New York, New York 10173
(212) 547-5400

NYK 1169769-1.041370.0011

---

[5] Moreover, to the degree that Plaintiffs will argue that *Old Homestead II* includes allegations of retaliation that arose after the issuance of the arbitration decision, Arbitrator Townley found the exact same conduct was not retaliatory when it was previously alleged. Having found the alleged conduct not to be retaliatory, logically, the mere continuation of the same conduct cannot be retaliatory as a matter of law. See Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 136-37 (S.D.N.Y. 2002)(dismissing retaliation claims based on conduct found not to be retaliatory in prior action). Finally, the alleged post-arbitration statements of managers (*i.e.*, asking Plaintiffs if they wished to voluntarily enter into separation agreements) and the alleged comments of co-workers are not adverse actions that are protected by any anti-retaliation provision. Jackson v. City Univ. of N.Y., 05 Civ. 8712 (JSR), 2006 U.S. Dist. LEXIS 43338, at *3 (S.D.N.Y. June 26, 2006)(granting summary judgment for employer on retaliation claim because no record of negative consequences resulting therefrom).